IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDA ANN COKER,
    Plaintiff,

vs.                                      Case No.: 3:18cv621/LAC/EMT

WENDELL HALL, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff was granted leave to proceed in forma pauperis (ECF No. 4).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff sues the Santa Rosa County Sheriff and other deputy sheriffs. Her complaint revolves around a domestic incident in which another individual, Connie Glover, accused Plaintiff of theft, and Plaintiff requested that Glover leave her residence. An altercation ensued, during which Glover allegedly hit Plaintiff in the head with a cellular phone. Plaintiff also alleges that Glover stole some of her personal property. Plaintiff alleges that the investigating deputies falsified reports, apparently regarding Plaintiff's physical health and dementia. Plaintiff also appears to complain that the deputies may have believed Glover's version of events over hers. Plaintiff seeks Glover's arrest for assault and battery with intent to murder and for theft.

Plaintiff does not have standing to pursue the relief she seeks. Criminal statutes generally do not provide a vehicle for a private cause of action. Chen ex rel. V.D. v. Lester, 364 F. App'x 531, 536 (11th Cir. 2010) (citing Love v. Delta Air Lines, 310 F.3d 1347, 1352–53 (11th Cir. 2002)). As a private citizen, Plaintiff "has no judicially cognizable interest" in the prosecution of another. Garcia v. Miami Beach Police Dep't, 336 F. App'x 858, 859 (11th Cir. 2009); Otero v. United States Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973)); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution);

Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995); Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted). Additionally, "the courts are not free to interfere with the discretionary decision of whom to prosecute." United States v. Spence, 719 F.2d 358, 361 (11th Cir. 1983); *see also* Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 379–82 (2d Cir. 1973).

Because Plaintiff lacks standing to pursue her claims, she cannot state a claim on which relief may be granted.

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 11th day of May 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**